```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                       AT CHARLESTON
```

DIANA MEY and
PHILIP CHARVAT,
individually and on
behalf of a class of all persons
and entities similarly situated,

      Plaintiffs,

v.                                                Civil Action No. 2:12-1721

HONEYWELL INTERNATIONAL, INC. and
ISI ALARMS NC, INC., and
MONITRONICS INTERNATIONAL, INC. and
KEVIN KLINK and
JAYSON WALLER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are the motion of defendant Monitronics International, Inc., ("Monitronics") to stay all proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel"), filed December 18, 2013, and the motions to extend the time to respond to Monitronics' motion to dismiss, filed respectively on December 26 and December 30, 2013, by plaintiffs Dianna Mey and Philip Charvat.

I.

On December 16, 2013, the MDL Panel transferred to the United States District Court for the Northern District of West Virginia three actions pending in different federal judicial districts across the nation. The actions involve allegations that Monitronics, a home security system and alarm monitoring company, violated the Telephone Consumer Protection Act ("TCPA") when it, or one of its agents, placed telemarketing calls to persons on the national Do Not Call Registry or to residential or wireless telephones without the individual's consent. The transferred actions were consolidated with <u>Mey v. Monitronics International, Inc.</u>, No. 5:11-00090 (N.D. W Va.). On December 18, 2013, the MDL Panel entered a conditional transfer order respecting two putative tag-along actions, including this case. Defendant Honeywell International, Inc. ("Honeywell") has filed with the MDL Panel its objections to the conditional transfer order.

Monitronics seeks a stay pending transfer, <u>inter alia</u>, due to impending scheduling order deadlines in this action which may impair its ability to defend. It requests in the alternative that the scheduling order herein be modified. The plaintiffs do not oppose Monitronics' stay request. Honeywell

resists the motion, however, asserting that (1) it has been litigating this case for quite some time prior to Monitronics recent addition as a party, (2) it has conducted nearly all of the discovery necessary to support a dispositive motion, and that, alternatively, (3) the court could stay this action as to Monitronics alone.

## II.

It is well settled that "the power to stay proceedings is incidental to the power inherent . . . to control the disposition of the causes on [the] docket with economy of time and effort for [the court], for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The analysis of a stay request requires the "exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254–55. The decision is aided by consideration of several factors, including "'the length of the requested stay, the hardship that the movant would face if the motion were denied, the burden a stay would impose on the nonmovant, and whether the stay would promote judicial economy by avoiding duplicative litigation.'" Giles v. ICG, Inc., 789 F. Supp.2d 706, 712 (S.D. W. Va. 2011) (quoted authority omitted).

3

Regarding the length of the requested stay, the MDL Panel would likely address Honeywell's objections to transfer during its next regular session on January 30, 2014. (Ltr. from MDL Panel Chairman to Undersigned Judge at 1 ("Presently before the Panel . . . is a notice of opposition to a Conditional Transfer Order (CTO-1) filed in this litigation. Our rules give the parties an opportunity to brief fully the question of transfer. The Panel will consider the matter at its bimonthly hearing session."). If the ruling occurs as suggested, the stay would last approximately one month.

If the motion to stay is denied, Monitronics would be forced to proceed rapidly with outstanding discovery, with the unfortunate prospect that a later transfer would have permitted it to achieve economies of scale during the coordinated processes customary in MDL proceedings. The order that created the referenced MDL, and which transferred cases involving defendants other than Monitronics, like Honeywell here, stated as follows:

> [T]he opposing parties raise objections based on other case-specific issues -- they have a stake in only one action, they anticipate early resolution by a dispositive motion, or they have taken some significant discovery already. <u>Transfer under Section 1407 will offer the benefit of placing all related actions before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that common witnesses are not subjected to duplicative discovery</u>

4

> demands. Once discovery and other pretrial proceedings related to the common issues are done, the transferee judge may suggest Section 1407 remand of actions to their transferor courts. Section 1407 centralization thus will enable pretrial proceedings to be conducted in a manner that will lead to the just and expeditious resolution of all related actions, which is to the overall benefit of all parties.

(MDL Ord. at 2 (emphasis added) (citation omitted).

The requested stay is not without burden to Honeywell. Nevertheless, the discovery conducted by Honeywell to date loses no value during a stay and, in the event of transfer, the transferee judge will entertain Honeywell's request to remand if she deems severance the most suitable option. Finally, a stay offers the best chance to promote judicial economy in the event of transfer. As noted by the MDL Panel in its order above, the presiding transferee judge would structure the litigation in a manner most conducive to allowing full case development but in the most efficient and cost effective way possible.

On balance, the applicable factors weigh in favor of the requested stay. It is, accordingly, ORDERED that Monitronics' motion to stay be, and hereby is, granted. It is further ORDERED that this action be, and hereby is, stayed and retired to the inactive docket pending the further order of the

5

court. It is additionally ORDERED that the plaintiffs' motions to extend be, and hereby are, denied as moot.

The Clerk shall transmit this written opinion and order to counsel of record and to any unrepresented parties.

DATED: December 31, 2013

John T. Copenhaver, Jr.
United States District Judge